UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Steven Guy Welty,

                    Plaintiff,

        v.

Debra Tonhofer et al.,

                    Defendants.

CASE NO. 3:19-cv-06229-BHS-DWC

ORDER

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se*, initiated this lawsuit on December 20, 2019. *See* Dkt. 1. Because plaintiff's proposed complaint raises claims related to his medical treatment at Airway Heights Corrections Center in Spokane, Washington the Court orders that this case be transferred to the Eastern District of Washington.

**BACKGROUND**

Plaintiff is currently housed at Stafford Creek Corrections Center. Dkt. 1-1. Plaintiff alleges his Eighth Amendment rights were violated when he was not provided with adequate medical treatment while he was housed at Airway Heights Corrections Center ("AHCC") in

1 Spokane, Washington. *See* Dkt. 1-1. The Court has not granted plaintiff *in forma pauperis*

2 ("IFP") status, nor has the Court ordered the Clerk's Office to attempt service of process.[1] No

3 defendant has appeared in this action.

4 **DISCUSSION**

5 Venue may be raised by the court *sua sponte* where the defendant has not filed a

6 responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486,

7 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1)

8 the district in which any defendant resides, if all of the defendants reside in the same state; (2)

9 the district in which a substantial part of the events or omissions giving rise to the claim

10 occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a

11 judicial district in which any defendant may be found, if there is no district in which the action

12 may otherwise be brought. *See* 28 U.S.C. § 1391(b).

13 When venue is improper, the district court has the discretion to either dismiss the case or

14 transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). An order transferring venue

15 pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-

16 dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. §

17 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (2013).

18 Here, it is clear from plaintiff's proposed complaint that his claims arise out of actions

19 committed at AHCC. Dkt. 1-1. AHCC is located in Spokane, Washington, which is within the

20

21 ───────────────────

22 [1] Plaintiff failed twice to remedy the defects in his Motion to Proceed IFP or to pay the filing fee, and the undersigned recommended dismissing this matter for failure to prosecute. Dkt. 6. After the Report and Recommendation was filed, Plaintiff filed his objections, which also included a copy of his prison trust account

23 statement, thus remedying the defecting in his Motion to Proceed IFP. Dkt. 7. District Judge Benjamin H. Settle declined to adopt the Report and Recommendation and re-referred this matter to the undersigned for further

24 proceedings. Dkt. 8.

1  venue of the Eastern District of Washington. *See* 28 U.S.C. §§ 128(a).  The only defendants

2  residing in the Western District of Washington are Steven Hammond, Medical Director for the

3  Washington Department of Corrections and Ken Sowyer, physician for the Washington

4  Department of Corrections. Dkt. 1-1. However, aside from naming Defendants Hammond and

5  Sowyer as Defendants and stating Defendant Sowyer is a medical doctor (not an orthopedic

6  specialist), the proposed complaint is completely devoid of any allegations in support of a

7  constitutional claim against Defendants Hammond and Sowyer. *Id.* Therefore, the Court

8  concludes venue is proper in the United States District Court for the Eastern District of

9  Washington. *See* 28 U.S.C. § 1391(b).

10       Because venue is improper, the Court has the discretion to dismiss or transfer the case.

11  *See* 28 U.S.C. § 1406(a). Plaintiff is a *pro se* prisoner. *See* Dkt. 1-1. At this time, the Court does

12  not find the proposed complaint is meritless. Further, dismissing the case and directing Plaintiff

13  to refile in the Eastern District of Washington would cause unnecessary delay. Therefore, the

14  Court finds transferring, rather than dismissing, this case is appropriate.

15                                              **Conclusion**

16       The Court finds venue is improper and the interests of justice require this case be

17  transferred to the proper venue. Accordingly, the Court orders this case be transferred to the

18  Eastern District of Washington in Spokane and the case be closed.

19       In light of the transfer, the Court defers to the Eastern District of Washington with respect

20  to Plaintiff's Motion to Proceed IFP (Dkt. 4).

21       Dated this 1st day of May, 2020.

22

23                                              _____
                                                David W. Christel
24                                              United States Magistrate Judge